[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 27, 2010
JOHN LEY
CLERK

No. 09-14987
Non-Argument Calendar

_____

D. C. Docket No. 07-03157-CV-JEC-1

SHANTAL JOLLY-CASTELLO,

Plaintiff-Appellant,

versus

GWINNETT HEALTH SYSTEM,
CINDY WINTER,
MICHELLE PROBY,
In their individual capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 27, 2010)

Before TJOFLAT, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Shantal Jolly-Castello ("Jolly-Castello") appeals the district court's grant of Gwinnett Health System's (GHS') motion for summary judgment as to her complaint filed pursuant to Title VII of the Civil Rights Act of 1964. On appeal, Jolly-Castello argues that she alleged at least five reasons showing pretext, and she contends that in reviewing each of those reasons, the district court took on the role of the jury and resolved the disputed facts in favor of GHS. We AFFIRM the district court's grant of GHS' motion for summary judgment.

## I. BACKGROUND

Jolly-Castello brought this action against GHS alleging employment discrimination through termination and retaliation based on her race (African-American) and national origin (Jamaican), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a).[1] R1-10. The complaint alleged that Jolly-Castello worked for GHS as a Diagnostic Mammography Technician and was terminated because of her race and national origin, and in retaliation, after GHS brought several alleged patient complaints to Jolly-Castello's attention. *Id.* at 2, 5, 7. Jolly-Castello requested back pay and

[1] The complaint was also brought against Cindy Winter and Michelle Salvemini-Proby in their individual capacities but was dismissed without prejudice as to both of them for lack of service. R4-74 at 1. Additionally, the complaint raised a disparate treatment claim that was later abandoned. *Id.* at 43-44. Neither of these issues are raised in Jolly-Castello's appeal.

benefits, compensatory damages, punitive damages, injunctive relief, and attorney's fees. *Id.* at 9-10.

After discovery, GHS moved for summary judgment arguing *inter alia* that Jolly-Castello failed to establish a *prima facie* case of discrimination because she did not show that other employees outside her protected class were involved in similar conduct but treated differently. R2-44 at 9-10. GHS stated that it discharged Jolly-Castello because she received more complaints than any of her counterparts, the complaints included injuries requiring subsequent medical attention, and Jolly-Castello proved incapable of appreciating the severity of the complaints. *Id.* at 14. Accordingly, GHS claimed that Jolly-Castello failed to show pretext. *Id.* at 14-16. Finally, GHS argued that Jolly-Castello failed to establish a *prima facie* case of retaliation because she did not show that there was a connection between her participation in a protected activity and the adverse employment decision, and again failed to establish pretext. *Id.* at 19, 22-24.

Jolly-Castello responded to GHS' motion for summary judgment and argued that GHS' articulated nondiscriminatory reasons for terminating her were pretext for unlawful discrimination because GHS failed to present any credible evidence that she actually harmed any patient. R2-51 at 7-8. Specifically she claimed that (1) mammograms were inherently painful; (2) GHS expected to get such routine

complaints because of the equipment that was used, the hard surface on which the breast must be placed, and the hard paddle that comes down on top of the breast to flatten it; (3) a notice from the Food and Drug Administration (FDA) notifying patients about a number to call in the instance of abuse was posted in each mammogram examining room, and management received no complaints from the FDA regarding Jolly-Castello; (4) the complaints against her did not mean she had done anything wrong because they were stale and based on patients' memories without any corroborating medical evidence; and (5) each patient's complaint had problems that she alleged made them illegitimate or unbelievable. *Id.* at 16-18, 21-33.

The magistrate judge recommended granting GHS' motion for summary judgment. R4-74 at 1. Regarding her discriminatory termination claim, the magistrate judge found that Jolly-Castello failed to demonstrate that similarly situated employees from outside her protected class were treated more favorably because, while Jolly-Castello presented evidence of patient complaints made regarding the mammograms performed by other mammography technicians, she failed to present proof that those technicians inspired the same volume of complaints or that the problems with those mammograms were of the same severity as the complaints against her. *Id.* at 27-30. Accordingly, the magistrate

4

judge found that Jolly-Castello failed to establish a *prima facie* case of discrimination and recommended granting summary judgment for GHS as to Jolly-Castello's discriminatory termination claim. *Id.* at 30. The magistrate judge also explained that even if Jolly-Castello had established a *prima facie* case of discriminatory termination, the claim still would have failed because she did not show that GHS' legitimate, nondiscriminatory reason for terminating her - namely that she inspired multiple patient complaints - was pretextual. *Id.* at 30-41.

Regarding Jolly-Castello's retaliation claim, the magistrate judge recommended granting summary judgment for GHS but did not address whether Jolly-Castello established a *prima facie* case of retaliation. *Id.* at 41-43. Rather, the magistrate judge stated that Jolly-Castello failed to raise a genuine issue of material fact as to whether GHS' legitimate, non-retaliatory rationale for her termination was pretextual. *Id.* at 43.

Neither Jolly-Castello nor GHS objected to the magistrate judge's report and recommendation. The district court adopted the magistrate judge's report and recommendation and granted the defendant's motion for summary judgment. R4-76.

On appeal, Jolly-Castello argues that she alleged at least five reasons showing pretext, and contends that in reviewing each of those reasons, the district

court took on the role of the jury and resolved the disputed material facts in favor of GHS. She specifically points out that it was the jury's function to determine whether the source of the patients' pain came from the mammogram or from an underlying health condition. She goes on to argue that whether the alleged complaints against her should have been considered informal – and unlikely to result in disciplinary action – or serious complaints – that required more follow-up – was a factual question for the jury as was the credibility of the complaints.

## II. DISCUSSION

We review a district court's grant of summary judgment *de novo*. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007) (per curiam). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law. *Id.*

A plaintiff may establish a discrimination claim under Title VII by direct or circumstantial evidence. When the latter is relied on, we use the burden shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973). *See Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004). "Under this framework, the plaintiff first has the burden of establishing a *prima facie* case of discrimination, which creates a rebuttable presumption that

6

the employer acted illegally." *Id.*

Arguments not addressed in a party's brief are abandoned, and we have the authority to affirm the district court's ruling on grounds other than those relied upon by the district court. *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 970 n.32, 972 (11th Cir. 2008).

A. Discrimination Claim

Under the burden shifting framework of *McDonnell Douglas*, an employee must first establish a *prima facie* case of discrimination before the burden shifts to the employer to articulate legitimate, nondiscriminatory reasons for the discrimination, after which the burden shifts back to the plaintiff to produce evidence sufficient to allow a reasonable fact finder to conclude that the employer's reasons were pretextual. *See Wilson*, 376 F.3d at 1087. Jolly-Castello's brief fails to address the district court's adverse ruling regarding her *prima facie* case. Jolly-Castello does not argue on appeal that any similarly situated employees outside of her protected class were treated more favorably. Because establishing a *prima facie* case is required before the burden shifts to the employer, and then back to Jolly-Castello to prove pretext, the arguments in her brief regarding pretext are irrelevant. Jolly-Castello's discrimination claim has been abandoned. *See Davis*, 516 F.3d at 972.

7

B. Retaliation Claim

Passing references to issues in an appellate brief are insufficient to raise a claim for appeal. *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (holding that mention of an issue in a brief's Statement of the Case was insufficient to preserve that issue for appellate review). In her brief's Nature of the Case section, Jolly-Castello states that the instant case is an action for race, national origin, and retaliation discrimination; however, she neither makes any arguments or statements alluding to retaliation throughout the remainder of her brief, nor does she cite any law related to retaliation. Jolly-Castello abandoned her claim of retaliation by failing to argue it in her initial brief. *See id.*; *Davis*, 516 F.3d at 970 n.32, 972.

### III. CONCLUSION

Jolly-Castello appeals the district court's grant of GHS' motion for summary judgment. As we have explained, Jolly-Castello has abandoned both her claim of discrimination and retaliation on appeal. Accordingly, the summary judgment granted by the district court is **AFFIRMED**.